In the Matter of the Suspension of
the Driving Privileges of

**FLEMING,**
*Respondent,*

*v.*

**MOTOR VEHICLES DIVISION,**
*Appellant.*

(CC86-2078; CA A41223)

743 P2d 764

Jerome Lidz, Assistant Attorney General, Salem, argued the cause for appellant. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Linda DeVries Grimms, Assistant Attorney General, Salem.

Elizabeth A. Baldwin, Astoria, waived appearance for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Motor Vehicle Division (MVD) appeals from a judgment which reversed the hearings officer's affirmance of the suspension of petitioner's license. ORS 813.410. We reverse.

MVD sought to suspend the license under ORS 813.410. Petitioner requested an administrative hearing, in which she argued that the suspension was invalid because the police officer who administered the blood alcohol test did not physically "possess" a permit, as ORS 814.410(4)[1] and ORS 813.160[2] require.

The hearings officer found:

"The officer's sworn and credible testimony was sufficient to establish that he possessed a permit issued by the Oregon State Police to operate the Intoxilyzer, Model 4011A, following a period of instruction and taking and passing a written examination. There was no evidence to the contrary. The Hearings Officer does not read the law as requiring the officer to have a document in his actual possession, or to have actually been issued a written document."

The circuit court reversed, however, finding that "there is no substantial evidence in the record that the person administering the [I]ntoxilyzer test in this case was qualified to administer the test under ORS 813.160." MVD argues that the court erred, because there was substantial evidence in the record to support the hearings officer's finding that the officer did "possess" a permit, although he did not have it in his physical possession.

---

[1] ORS 814.410(4) provides, in pertinent part:

"The scope of a hearing under this section shall be limited to whether the suspension is valid as described in this subsection. A suspension under this section is valid if all of the following requirements under ORS 813.100 have been met:

"* * * * *

"(f) If the person arrested submitted to the test, the person administering the test was qualified to administer the test under ORS 813.160."

[2] ORS 813.160 provides:

"(1) To be valid * * *:

"* * * * *

"(b) Chemical analyses of a person's breath shall be performed by an individual *possessing* a valid permit to perform such analysis issued by the Department of State Police." (Emphasis supplied.)

The State Police issues permits after satisfactory completion of a training course and a written examination. ORS 813.160(1)(b)(E); OAR 257-30-030(3) and (4). The officer testified that he took the training course and passed the written examination and that the State Police told him that he was certified to operate both the 4011 and 4011-A Intoxilyzer machines and that his permit number was his Social Security number. He testified that his permit was on file with the State Police. He also testified that his permit had not been revoked. Petitioner presented no evidence that the officer was not qualified. Although the officer's permit could have been subpoened, petitioner did not do so.

It is not necessary that an officer have the permit in his physical possession when administering the test. Contrary to the ruling of the circuit court, there was substantial evidence to support the finding of the hearings officer that the police officer possessed a valid permit to administer the Intoxilyzer test.

Reversed.