Argued and submitted October 15, reversed on appeal and affirmed on cross-appeal
November 25, 1987

## In the Matter of the Suspension of the Driving Privileges of

## ANDRIES,
*Respondent - Cross-Appellant,*

*v.*

## MOTOR VEHICLES DIVISION,
*Appellant - Cross-Respondent,*

(8607-04014; CA A42592)

745 P2d 809

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for appellant - cross-respondent. With him on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Vernon Cook, Gresham, argued the cause and filed the brief for respondent - cross-appellant.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Motor Vehicle Division (MVD) appeals from a judgment reversing the hearings officer's order suspending petitioner's license. Petitioner cross-appeals the denial of attorney fees. We reverse on appeal and affirm on cross-appeal.

The facts are not in dispute. Petitioner was arrested for driving a motor vehicle under the influence of intoxicants in violation of ORS 813.010 and was requested to submit to a chemical breath test. The test disclosed a blood alcohol content of .32 percent. Petitioner requested a hearing pursuant to ORS 813.410. He appeared and was represented by counsel. The officer who had administered the test testified under oath that he was qualified to do so under ORS 813.160 and that he had followed the procedure prescribed by OAR 257-30-020. He failed to produce, however, the actual check list used in the test. The hearings officer concluded that the officer's uncontradicted testimony was sufficient evidence that the test had been properly administered and suspended petitioner's license. Petitioner objected on the basis of the best evidence rule[1] and the state's failure to meet its burden of proof. He appealed pursuant to ORS 813.450, and the circuit court reversed the suspension order.

MVD assigns as error this ruling:

"There is a lack of substantial evidence in the administrative hearing record that the methods, procedures and equipment used in the test which petitioner submitted to did comply with the provisions of ORS 813.160(1)(b) particularly OAR 257-30-020(1)(a)(b) regarding the 15 minutes pre-test observation requirement in that the time the observation was commenced and the time when the sample was taken is not a part of the administrative hearing record."

We review the record to find whether the administrative order is supported by substantial evidence. ORS 813.450(4)(c). ORS 813.160(1)(b) provides, in part:

---

[1] We do not address petitioner's best evidence objection which he raised at the hearing, because he does not raise it on appeal. We note, however, that the issue presented is not a best evidence issue, because the contents of the checklist is not in issue. The officer's testimony was offered to prove that he had properly administered the test. *See Scanlon v. Hartman,* 282 Or 505, 509, 579 P2d 851 (1978); *Angus v. Joseph,* 60 Or App 546, 554 n 12, 655 P2d 208 (1982), *rev den* 294 Or 569 (1983).

"To be valid under ORS 813.300,

"* * * * *

"Chemical analyses of a person's breath shall be performed by an individual possessing a valid permit to perform such analyses issued by the Department of State Police and shall be performed according to methods approved by the Department of State Police."

OAR 257-30-020(1)(a)(b) provides:

"(a) Test Identification. A check list containing an outline of the approved procedure, name of the subject to be tested, date, and time of the test, name of person requesting test and his agency, operator's name, permit number and enforcement agency, location of test, instrument model and serial numbers, recognition of 15 minute pre-test requirement, result of test in percent blood alcohol, and operator's signature shall be used and completed by all operators of this instrument.

"(b) Pre-Test Requirement. The operator must make certain the subject has not taken anything by mouth, (drinking, smoking, eating, taking medication, etc.) vomited, or regurgitated liquid from his stomach into his mouth, for at least 15 minutes before taking the test."

At the hearing, the police officer testified that all the statutory and administrative requirements, including the 15-minute pretest period, had been met. The trial judge was satisfied with the proof except for the failure of the officer to testify to the precise time when the observation began and the time when the sample was taken. Although the officer did not provide the exact data, he specifically testified that he had observed petitioner for 15 minutes before administering the test. Testimony of the officer that the test was performed in accordance with the requirements of ORS 813.300 and OAR 257-30-020 was substantial evidence to support the hearings officer's order. *See Fleming v. MVD,* 87 Or App 613, 743 P2d 764 (1987).

In view of our disposition of the appeal, we need not address petitioner's cross-appeal.

Reversed on appeal; affirmed on cross-appeal.[2]

---

[2] Petitioner also raises the issue of the proper testing of the Intoxilyzer. It is without merit.